UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRENDA LEAR, individually and on behalf of all persons similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CAUSE NO. 1:13-cv-844-WTL-TAB ) |
| FIRST MERCHANTS CORPORATION d/b/a FIRST MERCHANTS BANK, N.A., | ) ) ) |
| Defendant. | ) |

## ENTRY ON MOTION TO STAY PENDING ARBITRATION

This cause is before the Court on the Defendant's motion to stay this case pending arbitration. The motion is fully briefed and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

Plaintiff Brenda Lear, on behalf of herself and others similarly situated, alleges that the Defendant improperly assessed certain overdraft fees on its customers' bank accounts. The Defendant argues that the Plaintiff's claims must be submitted to arbitration based upon an arbitration clause contained in its account agreement that reads as follows:

> 29. **Arbitration and Waiver of Jury Trial**. All unresolvable disputes or claims pertaining to the Service, a Service Account or the relationships that arise there from, whether based in contract, tort or otherwise, shall be resolved by binding arbitration under the expedited procedures of the Commercial Financial Disputes Arbitration Rules of the American Arbitration Association (AAA) and the Federal Arbitration Act in Title 9 of the US Code. Arbitration hearings will be held in the city where your account as established or where mutually agreed. A single arbitrator will be appointed by the AAA and will be an attorney or a retired judge with experience and knowledge in banking transactions. Any issue concerning whether or the extent to which a dispute or claim is subject to arbitration, including but not limited to issues relating to the validity or enforceability of these arbitration provisions, shall be determined by the arbitrator. All statutes of limitations or other defenses relating to the timeliness of the assertion of a dispute or claim that otherwise would be applicable to an action brought in a court of law

> shall be applicable in any such arbitration, and the commencement of an arbitration under this Agreement shall be deemed the commencement of an action for such purposes. No provision of this paragraph shall restrict the ability of any person to exercise all rights and remedies available under applicable law or this Agreement; provided, however, that the exercise of those rights or remedies is subject to the right of any other person to demand arbitration as provided herein. The commencement of legal action by a person entitled to demand arbitration does not waive the right of that person to demand arbitration with respect to any counterclaim or other claim. No person entitled to demand arbitration hereunder shall be permitted to assert a dispute or claim that is on behalf of any other persons. Similarly, an arbitration proceeding under this Agreement may not be consolidated with other arbitrations proceedings. Judgment upon the award rendered in arbitration shall be final and may be entered in any court, state or federal, having jurisdiction. IF A DISPUTE OR CLAIM IS NOT SUBJECT TO ARBITRATION FOR ANY REASON, THEN THE DISPUTE OR CLAIM SHALL BE DECIDED IN A COURT OF COMPETENT JURISDICTION WITHOUT A JURY. YOU AND WE IRREVOCABLY WAIVE ALL RIGHTS TO TRIAL BY JURY.

The Plaintiff objects to the motion to stay, arguing that her claims are not subject to arbitration.

Under the Federal Arbitration Act ("FAA"), a written provision in a contract providing for the settlement of contractual disputes by arbitration is "valid, irrevocable, and enforceable, save upon grounds as exist at law or in equity for revocation of any contract." 9 U.S.C. § 2. In determining whether a claim is subject to arbitration pursuant to a contract, "a federal court should look to the state law that ordinarily governs the formation of contracts." *Gibson v. Neighborhood Health Clinics, Inc.*, 121 F.3d 1126, 1130 (7th Cir.1997). Under Indiana law, "the party seeking to compel arbitration has the burden of demonstrating the existence of an enforceable arbitration agreement." *Id.*

The Plaintiff makes two arguments in support of her objection to submitting her claims to arbitration. First, she argues that the Defendant has failed to demonstrate the existence of an arbitration agreement because it has failed to produce the original agreement between the Plaintiff and the bank at which she opened her account prior to that bank's merger with Defendant First Merchants Corporation ("FMC"). However, the Plaintiff herself alleges in her

complaint that "the terms of FMB's checking accounts were contained in a standardized 'Terms of Service' or account holder agreement ("Account Agreement"), which the Bank presented to its customers on a 'take it or leave it' basis." Complaint at ¶ 47.  The Defendant has produced the account holder agreement that it provided to the Plaintiff in the "welcome package" it sent to its new customers at the time of the merger, and has submitted an affidavit stating that the Plaintiff accepted that agreement in April 2009.  That agreement contains the arbitration provision quoted above.  Accordingly, the Court finds that the Defendant has demonstrated the existence of an arbitration agreement between the parties.

The Plaintiff's second argument is that the arbitration provision was not "sufficiently distinct and visible" to put the Plaintiff on notice of its existence and import.  However, under the clear and unmistakable terms of the agreement, this issue must be submitted to arbitration, as it is an issue "relating to the validity or enforceability of these arbitration provisions." *See First Options of Chicago, Inc. v. Kaplan* 514 U.S. 938, 944 (1995) (agreement to arbitrate arbitrability enforceable if there is "clear and unmistakable" evidence that the parties so agreed).

> Section 3 of the FAA provides:
>
> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C.A. § 3.  The Defendant has moved for a stay; for the reasons set forth above, the Court finds that the issues in this case are referable to arbitration pursuant to the applicable customer agreement; and there is no indication that the Defendant is in default in proceeding with arbitration.  Accordingly, the Defendant's motion to stay pending

arbitration is **GRANTED** and this case is hereby **STAYED**. The Clerk shall administratively close this case at this time, subject to being reopened upon motion by either party following the conclusion of arbitration proceedings.

    SO ORDERED: 11/05/2013

*William T Lawrence*

    Hon. William T. Lawrence, Judge
    United States District Court
    Southern District of Indiana

Copies to all counsel of record via electronic notification